GLICKSTEIN, Judge,
dissenting.
I would reverse, on the ground that harmful error occurred when the state was permitted, over the defense’s objection, to “rebut” appellant’s insanity defense through the testimony of a “rebuttal” witness. The witness testified about a wholly unrelated incident which had occurred weeks before the homicide for which appellant was being tried on a charge of second-degree murder.
The homicide occurred at a service station, where appellant encountered his estranged wife with the man with whom she was living, in the man’s car. Appellant shot her with a firearm that he took from that man. The incident which the state brought to the jury’s attention, purportedly to rebut appellant’s insanity defense, consisted of the appellant’s yelling at his wife at the restaurant where she worked as a waitress, knocking her down, striking her, and shocking the testifying security guard with a stun gun.
Appellant’s brother’s testimony about appellant’s state of mind in the same month as the stun gun incident did not open the door to the rebuttal witness’ testimony. The stun gun incident had been brought up, originally, not by the defense, but by the state when it cross-examined the brother. The defense never questioned anyone *1270 about the stun gun incident until after the state had cross-examined several defense witnesses about it; and very little detail concerning that incident had come out until the “rebuttal” witness was brought on.
There is neither sufficient similarity between the two events to justify admission of the “rebuttal” witness’ testimony on the basis of the “Williams Rule,” nor sufficient proximity in time for the facts of the prior incident to shed light on appellant’s state of mind at the time of the homicide. Clearly the “rebuttal” testimony’s prejudicial effect outweighed its relevance.
Even had the charge in this case been premeditated murder, rather than second-degree murder, I would still reverse. Assuming, arguendo, that in those circumstances the security guard’s testimony would have been admissible, the state would have been required to introduce it during its case in chief, and not after the defense had put on its case. The testimony was not in rebuttal of anything.